UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,                                    Criminal No. 05-267 JRT/AJB

          Plaintiff,

v.                                                        **REP0RT AND RECOMMENDATION**

LAVITA LENNETTA WARFIELD,

          Defendant.


    Andrew Dunne, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

    Gary R. Bryant-Wolf, Esq., for the defendant, Lavita Lennetta Warfield.


    This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on September 22, 2005, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. The Court issued an Order on Motions dated September 26, 2005, reserving defendant's motion to suppress physical evidence [Docket No. 31] for submission to the District Court on report and recommendation.

    Based upon the file and documents contained therein, along with witness testimony presented at hearing, the Magistrate Judge makes the following:

**Findings**

    Defendant in this matter has been indicted on a charge of possession with intent to distribute cocaine base. An investigation was commenced in July 2005, based upon confidential

1

reliable informant reports received by Minneapolis Police Officer Randall Olson. The informant told Officer Randall that defendant Levita Warfield had been selling crack cocaine. The informant described Ms. Warfield and further provided a cell phone number and a description of the vehicle the defendant was driving.

Based upon the confidential informant's report Officer Randall decided to attempt a controlled drug buy from defendant Warfield. On July 21, 2005, the informant made several calls to the defendant to set up a drug purchase. These calls were monitored by Officer Randall, but the conversations were not recorded. A purchase of one-half ounce of crack cocaine was arranged to take place at a Burger King restaurant. When Randall and the confidential informant arrived at the Burger King parking lot the defendant was already there with two other persons. Officer Randall was driving and Ms. Warfield got into the right rear seat of the officer's vehicle. Defendant immediately showed the drugs and the undercover officer made the arranged purchase with government drug buy money. Warfield also gave Randall her phone number and they discussed future transactions, possibly involving larger drug amounts. During this meeting Officer Randall was wired and the conversations were monitored by other officers, but the discussions were not recorded.

Subsequently, Officer Randall initiated another contact with Ms. Warfield to make another drug purchase. Several back and forth phone calls were made to set up a transaction to take place on July 27, 2005. It was intended by police that a drug bust would also occur at that time. For meeting purposes Minneapolis police rented a room at the Holiday Inn at Washington Ave. and Interstate 35. The sale and purchase was scheduled for sometime between 3:00 p.m. and 3:30 p.m., though the defendant did not arrive at the hotel until after 5:00 p.m. Several officers observed Warfield,

2

along with two other adults and a child, arrive in a Dodge Magnum in which she had previously been seen. Upon her arrival approximately six officers wearing marked raid vests converged on the vehicle to arrest the defendant. As this occurred Officer Randall observed Warfield toss a purse into the back seat area of the vehicle. The purse was seized and searched in connection with the arrest. Two bags, each containing approximately 25 grams of cocaine, where found in the bottom of the purse. Defendant was thereafter transported to the Hennepin County Jail for booking.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

The search of the defendant's purse following her arrest in the vehicle in which she was an occupant was a lawful search incident to arrest. The purse was observed in the defendant's immediate possession and remained accessible to her in the passenger compartment of the vehicle even after the defendant threw it into the back seat. When there has been a lawful custodial arrest of an automobile occupant, an officer may search the passenger area of the vehicle as a contemporaneous search incident to arrest. United States v. Barnes, 374 F.3d 601, 603 (8th Cir. 2004)(citing New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860 (1981)). Suppression of evidence obtained pursuant to search of the defendant's purse is not required.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

### RECOMMENDATION

The Court **hereby recommends** that defendant Lavita Lennetta Warfield's Motion to Suppress Evidence be **denied** [Docket No. 31].

Dated: <u>  September 27, 2005  </u>

<u>  s/ Arthur J. Boylan  </u>
Arthur J. Boylan
United States Magistrate Judge

  Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before October 10, 2005.

  Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.