**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 05-267 (JRT/AJB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING** |
| | **REPORT AND RECOMMENDATION** |
| LAVITA LENNETTA WARFIELD, | **OF MAGISTRATE JUDGE** |
| Defendant. | |

_____

Andrew S. Dunne, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, for plaintiff.

Earl P. Gray, GRAY & MALACKO, 332 Minnesota Street, Suite W, St. Paul, Minnesota 55101, for defendant.

Defendant Lavita Lennetta Warfield has been indicted on a charge of possession with intent to distribute cocaine base. This matter is before the Court on defendant's objections to the Report and Recommendation of United States Magistrate Judge Arthur J. Boylan dated September 27, 2005. The Magistrate Judge recommends denying defendant's motion to suppress evidence resulting from a search of a purse found in the backseat of a car in which defendant was traveling. The Court has conducted a *de novo* review of the defendant's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn.

LR 72.2(b). For the reasons discussed below, the Court overrules defendant's objections and adopts the Magistrate Judge's Report and Recommendation.

## BACKGROUND[1]

For the purposes of this motion, the facts in this case may be summarized as follows. Based upon information provided by a confidential informant, the Minneapolis Police Department conducted an investigation into defendant's alleged sales of cocaine. On July 21, 2005, the confidential informant spoke to defendant several times on the phone to set up a drug purchase. When Minneapolis Police Officer Randall Olson ("Olson") and the informant arrived at the meeting place, defendant was already there with two other persons. Olson was driving, and defendant got into the rear seat and showed Olson the drugs. Olson then made the arranged purchase. Defendant and Olson then discussed future drug transactions and defendant gave Olson her phone number.

Subsequently, Olson and defendant made several back and forth phone calls to set up a transaction on July 27, 2005. Minneapolis police rented a hotel room for the transaction. Defendant arrived at the hotel on July 27 in a car in which she had been previously seen. With her were two other adults and a child. Upon her arrival,

---

[1] Defendant indicates that she objects to the facts set forth in the Report and Recommendation. In the "Facts" section of her objections, however, she states, "The facts are supplied in the Magistrate's Report and Recommendation," and she does not point the Court to any factual error. Accordingly, the Court adopts the facts as set forth therein. It is the Court's understanding that defendant has requested a transcript of the proceedings before the Magistrate Judge, but that the transcript will not be available for some time. If, upon receiving the transcript, defendant is able to identify for the Court specific objections to the facts set forth in the Report and Recommendation, the Court will consider those at that time.

approximately six officers converged on the car to arrest defendant. Olson observed her toss a purse into the back seat of the car. The officers arrested defendant and seized the purse. A subsequent search of the purse revealed two bags, each containing approximately 25 grams of cocaine.

## ANALYSIS

The Magistrate Judge determined that the search of the purse was a lawful search incident to arrest. Defendant contends that there was no probable cause to arrest her, and that therefore the search was in violation of the Fourth Amendment's prohibition of unreasonable searches and seizures.

Probable cause for a warrantless arrest exists if the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent person's belief that the suspect had committed or was committing an offense. *United States v. Cabrera-Reynoso*, 195 F.3d 1029, 1031 (8th Cir. 1999). Defendant compares the facts of her case to those in *United States v. Di Re*, 332 U.S. 581 (1948), in which the Supreme Court found unlawful the arrest of a passenger in a car who was merely present during a sale of illegal gasoline ration coupons. *Id.* at 592-94. The Court observed that the arresting officers had no prior information about any criminal behavior on the part of the defendant, and that an informant had singled out a different person in the car. *Id.* at 593-94. Here, in contrast, Officer Olson had previously purchased cocaine from defendant, and he had made arrangements to meet defendant at the location where she was arrested in order to purchase more cocaine. These circumstances are a sufficient basis for the

- 4 -

arresting officers to believe that defendant was committing an offense when she arrived at the hotel. There was ample probable cause to arrest defendant, and thus the search incident to arrest was valid. Defendant's objections are therefore overruled.

### ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** defendant's objections [Docket No. 39] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 38]. Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to suppress seized evidence [Docket No. 31] is **DENIED**.

DATED: October 26, 2005
at Minneapolis, Minnesota.

                                                      s/John R. Tunheim
                                                  JOHN R. TUNHEIM
                                                  United States District Judge